**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEISSA PHILOSTENE,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden of<br>the Otay Mesa Detention Center, et. al.,<br><br>                              Respondents. | Case No.: 26-cv-1206-BJC-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On September 17, 2024, Petitioner Neissa Philostene, a citizen of Haiti, presented herself at the San Ysidro Port of Entry for a CBP One appointment. ECF No. 1 at 3; ECF No. 4 at 1-2. She was served a Notice to Appear and was paroled into the United States. ECF No. 1 at 3. She complied with all requirements during her release. *Id*. On January 13, 2025, she filed an application for asylum, withholding of removal and protection under the Convention Against Torture. *Id*. at 3-4. The Department of Homeland Security ("DHS") detained Petitioner on July 8, 2025, and she remains detained at the Otay Mesa Detention Center. *Id*. at 4.

On February 25, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This Court set a briefing schedule and issued a

26-cv-1206-BJC-VET

limited stay on February 13, 2026.  ECF No. 3.  Respondents filed a return on March 9, 2026.  Petitioner did not file a traverse.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States.").  Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends her detention and her reclassification as an "arriving alien" violates the Due Process Clause of the Fifth Amendment and the Administrative Procedures Act.  ECF No. 1 at 4-8.  Respondents contend the claims are jurisdictionally barred and that Petitioner is lawfully detained.  ECF No. 4 at 2-5.

### I. Jurisdiction

Congress explicitly divested courts of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  8 U.S.C. § 1252(g).  The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders.  *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)).  Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g).  *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)).

Petitioner challenges her detention under § 1225(b)(2)(A) as unconstitutional and in violation of applicable statutes.  ECF No. 1 at 5-8.  Challenges to detention without bond are generally collateral to, and does not arise from, the decision to commence and adjudicate proceedings or execute removal orders.  *See D.D. v. LaRose*, No. 25-CV-2681-BJC-JLB (S.D. Cal. Oct. 22, 2025).  Accordingly, § 1252(g) does not divest this Court of jurisdiction to hear Petitioner's claims.

## II.  Merits

Petitioner contends her detention and reclassification as an "arriving alien" violates her due process rights.  "U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)," and "to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)."  *Jennings v. Rodriguez*, 583 U.S. 281, 289, 138 S. Ct. 830, 838, 200 L. Ed. 2d 122 (2018)).  Pursuant to § 1225(b), applicants for admission are screened by immigration officers to determine whether the individual is inadmissible under section 8 U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7).  8 U.S.C. § 1225(b)(1).  Unless the applicant indicates an intention to apply for asylum, he or she is subject to expedited removal "without further hearing or review."  8 U.S.C. § 1225(b)(1)(A)(i).  Those indicating an intention to apply for asylum are submitted to an interview to determine whether they have a credible fear of persecution, and, if so, they are detained for consideration of their application for asylum.  8 U.S.C. § 1225(b)(1)(B).  Applicants that are "not clearly and beyond a doubt entitled to be admitted" are detained for immigration proceedings.  8 U.S.C. § 1225(b)(2)(A).

Under § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C § 1226(a).  Pending the decision on whether to remove the alien, the Attorney General may continue to detain the individual or release him or her on bond or conditional parole.  *Id*.

Respondents detained Petitioner under § 1225(b), as an "applicant for admission" subject to mandatory detention.  At the time of her arrest and detention, Petitioner was

paroled into, and was living in, the United States. The Court finds Petitioner was not an applicant for admission under § 1225 when she was taken into custody on July 8, 2025. Because Petitioner was arrested within the interior of the United States, she was subject to § 1226. There is nothing demonstrating Petitioner was engaged in any conduct that can be interpreted as "seeking admission" at the time of her arrest in July 2025. Accordingly, mandatory detention under § 1225 does not apply to Petitioner. The Court finds Petitioner's detention without a bond hearing is unlawful and violated her due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus in part. Respondents shall hold a bond hearing within fourteen days of this order and cannot deny bond at the hearing based on § 1225. Respondents are enjoined from transferring Petitioner before a bond hearing takes place. Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees. The petition is otherwise denied. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: April 30, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-1206-BJC-VET